UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ARTURO MAZON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:17-CV-157-JD-MGG |
|  | ) |  |
| WARDEN, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Arturo Mazon, a prisoner without a lawyer, filed this habeas corpus case (ECF 2) attempting to challenge the prison disciplinary hearing in case number WCC 16-11-398 held at the Westville Correctional Facility on December 16, 2016, where he was found guilty of Attempted Assault on Staff in violation of Indiana Department of Correction (IDOC) policy A-111. ECF 2 at 1. As a result, he was sanctioned with the loss of 180 days earned credit time and demoted from Credit Class 2 to Credit Class 3. *Id*. The Warden moved to dismiss (ECF 6) the petition and filed documents showing Mazon had not exhausted his administrative remedies prior to filing his habeas petition as required by 28 U.S.C. § 2254(b)(1). *See Moffatt v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Mazon did not file a response. Nevertheless, the court sua sponte enlarged the deadline and granted Mazon until December 15, 2017, to file a response to the motion to dismiss along with a copy of the Letter from the Final Reviewing Authority proving that he had exhausted his administrative remedies. ECF 9. He was cautioned that if he failed to respond by the deadline, the court would grant the motion to dismiss and the case would be dismissed without prejudice. *Id*. The deadline has passed and Mazon has not responded to the motion.

Principles of exhaustion that apply to federal review of criminal convictions also apply to review of prison disciplinary proceedings. *See Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markam v. Clark*, 978 F.2d 993, 994-95 (7th Cir. 1992). Before seeking federal habeas relief, a prisoner must take all available administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads*, 280 F.3d at 729.

The Indiana Department of Correction ("IDOC") has established a two-step administrative appeals process. The offender must first file a facility-level appeal within 15 days of the date of the disciplinary hearing or receipt of the hearing report. If the facility head denies the first appeal, the offender must then file a second-level appeal within 15 days of the date of facility-level response with the final reviewing authority for the IDOC, asserting only the claims that were asserted in the first-level appeal. See Disciplinary Code for Adult Offenders, IDOC Policy & Administrative Procedures No. 02-04-101, §§ X(A)-(D) (effective June 1, 2015), available at http://www.in.gov/idoc/3265.htm (last visited January 5, 2018).

Here, Mazon does not dispute any of the assertions in the Warden's motion. Based on the record, he did not appeal the finding of guilt in case number WCC 16-11-398 to the final reviewing authority for the IDOC. ECF 6-3.

For the foregoing reasons, the motion to dismiss (ECF 6) is **GRANTED** and the petition (ECF 2) is **DISMISSED WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this case.

SO ORDERED.

ENTERED: January 9, 2018

                                           /s/ JON E. DEGUILIO
                                           Judge
                                           United States District Court